IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Patricia Begay, *on behalf of herself
and all others similarly situated*,

Plaintiff

vs.                                                        Case No.

DeVille Asset Management, Ltd.,

Defendant

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.      Plaintiff Patricia Begay ("Plaintiff") brings this class action on behalf of herself and all others similarly situated against Defendant DeVille Asset Management, Ltd. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION, VENUE, AND STANDING

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.      Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of

legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016) (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5.    "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)).  Thus, a debt collector's breach of a right afforded a consumer under the FDCPA causes an injury in fact for Article III standing, even where the harm may be intangible.  *See id.*; *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

## THE FAIR DEBT COLLECTION PRACTICES ACT

6.    Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

7.    To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *Johnson v. Riddle*, 305 F.3d 1107, 1122 (10th Cir. 2002).

8.    The FDCPA is a "remedial statute," and so "should be construed liberally in favor of the consumer."  *Riddle*, 305 F.3d at 1117.

9.     "A single violation of the FDCPA is sufficient to state a claim." *Soren v. Equable Ascent Fin., LLC*, No. 2:12-CV-00038, 2012 WL 2317362, at *2 (D. Utah June 18, 2012) (citing *Taylor v. Perrin*, 103 F.3d 1232, 1238 (5th Cir.1997)). "Plaintiffs who prove a violation of the FDCPA are entitled to statutory damages irrespective of the ability to prove actual damages." *Id.*

10.     Whether a collection letter violates the FDCPA is assessed under the least sophisticated consumer standard.  "[T]he courts consider 'how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1220 (D. Kan. 2014) (quoting *Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997); *see also Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

## PARTIES

11.     Plaintiff is a natural person who at all relevant times resided in the State of New Mexico, County of McKinley, and City of Navajo.

12.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15.     Plaintiff is a natural person allegedly obligated to pay a debt.

16.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal automobile account (the "Debt").

17.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

18.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19.     In connection with the collection of the Debt, Defendant mailed Plaintiff a letter dated January 16, 2018.

20.     A true and accurate copy of Defendant's January 16, 2018 letter is attached as Exhibit A.

21.     Defendant's January 16, 2018 letter was its initial communication with Plaintiff with respect to the Debt.

22.     In the caption of Defendant's January 16, 2018 letter, it states "RE: Santander CO-814."

23.     Defendant's letter goes on to state: "Please be advised that your account has been assigned to DeVille Asset Management, LTD."

24. Defendant's letter contains a portion that it requests be detached and returned with any payment.

25. The letter requests payment to be mailed directly to Defendant.

26. The least sophisticated consumer receiving Defendant's letter would be unsure whether Defendant purchased the account and is the current creditor, whether the original creditor remains the current creditor and the account was assigned to Defendant merely for collection, or whether Defendant is collecting on behalf of some unidentified debt buyer who had assigned the account to Defendant for collection.

27. Merely stated the account "has been assigned" in the passive voice, without any other context or information to help the least sophisticated consumer understand the relationship between the parties, does not provide meaningful disclosure as to who the current creditor of the account is.

28. Because Defendant's letter does not meaningfully convey the identity of the current creditor to whom the Debt is owed, it violates 15 U.S.C. § 1692g.

29. In addition, Defendant's letter threatens: "You have thirty (30) days to make arrangements for payment or further collection efforts will commence."

30. Defendant's letter did not explain how its threats of further action comported with Plaintiff's right to dispute the debt or request the name and address of the original creditor.

## CLASS ACTION ALLEGATIONS

31. Plaintiff repeats and re-alleges all factual allegations above.

32.     Defendant's January 16, 2018 letter is based on a form or template used by Defendant to send initial collection letters to debtors (the "Template").

33.     The Template fails to meaningfully convey the name of the current creditor to whom the alleged debt is owed, in the same manner as Defendant did with Plaintiff above.

34.     The Template overshadows the statement of rights required by 15 U.S.C. § 1692g(a), in the same manner as Defendant did with Plaintiff above.

35.     Defendant has used the Template to send collection letters to over 40 individuals in the State of New Mexico within the year prior to the filing of the original complaint in this matter.

36.     Plaintiff brings this action on behalf of herself and all others similarly situated.  Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons with a New Mexico address, to whom Defendant sent a letter based upon the Template, within one year before the date of this complaint, in connection with the collection of a consumer debt.

37.     The class is averred to be so numerous that joinder of members is impracticable.

38.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

39.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

40.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common

questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

41.    Plaintiff's claims are typical of those of the class she seeks to represent.

42.    The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

43.    Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

44.    Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

45.    Plaintiff is willing and prepared to serve this Court and the proposed class.

46.    The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

47.    Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

48.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

49.    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

50.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

51.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

52.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)

53.     Plaintiff repeats and re-alleges each factual allegation above.

54.     A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt within 30 days of receipt of the notice.  *See* 15 U.S.C. § 1692g(a).

55.     Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

56.     This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong

person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

57.    "Viewed from the perspective of the least sophisticated consumer, the Validation Notice must effectively convey the identity of the creditor." *Youssofi v. CMRE Fin. Servs., Inc.*, No. 15CV2310 JM(WVG), 2016 WL 4098312, at *3 (S.D. Cal. Aug. 2, 2016); *see also Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

58.    "Merely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15CV4356SJFARL, 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); *see Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("[A] debt collector cannot satisfy Section 1692g(a)(2) by naming an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed.").

59.    Placing the creditor's name after "RE:" without providing any other indication to allow the consumer to understand that what follows "RE:" is the creditor, is not meaningful disclosure of the creditor's identity. *Dix v. Nat'l Credit Sys., Inc.*, No. 2:16-CV-3257-HRH, 2017 WL 4865259, at *3 (D. Ariz. Oct. 27, 2017) ("[I]t is not sufficient that defendant listed [the creditor's name] in the 're' line. While defendant is correct that the FDCPA does not require it to use 'magic

words,' it does require it to effectively convey to the debtor the name of the current creditor, which defendant failed to do.").

60.    Similarly, merely using the word "assigned" does not allow the consumer to understand who the creditor is. *Neff v. Schlee & Stillman, LLC*, No. 16-CV-10555, 2017 WL 1058847, at *2 (E.D. Mich. Mar. 21, 2017) ("The term 'assignee' is 'a legal term that would not necessarily help the least sophisticated consumer understand the relationships between the parties listed.' . . . Without more context, the least sophisticated consumer could not be expected to understand . . . the name of the creditor to whom the debt is owed.")  (quoting *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 613 (6th Cir. 2009)).

61.    It is simply not clear from Defendant's letter whether Santander, Defendant, or some other unnamed third party is the current creditor to whom Plaintiff's Debt is owed.

62.    Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey to Plaintiff the name of the creditor to whom the alleged debt is owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2) with respect to Plaintiff and the class she seeks to represent;

c)  Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e)  Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g)  Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(b)

63.  Plaintiff repeats and re-alleges each factual allegation above.

64.  A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the

consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

65.     Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

66.     This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."  *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

67.     "To comply with the FDCPA's notice requirements, the notice must actually and effectively convey to the consumer his right to dispute the debt."  *In re Martinez*, 271 B.R. 696, 700 (S.D. Fla. 2001), *aff'd,* 311 F.3d 1272 (11th Cir. 2002).

68.     To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  15 U.S.C. § 1692g(b).

69.    "[T]he notice must not be overshadowed or contradicted by accompanying messages from the debt collector."  *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013).

70.    The notice of a consumer's rights under § 1692g may be "overshadowed" by language within the validation letter itself.  *See Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938 (D. Ariz. 2003) ("The juxtaposition of two inconsistent statements' renders the notice invalid under § 1692g.") (quotations removed).

71.    "Cases in which courts have found violation of section 1692g address collection letters that demanded payment within a time period that was less than the statutory thirty day period to dispute the debt, that emphasized the duty to make the payment, and that obscured the fact that the debtor had thirty days to dispute the debt."  *Gesten v. Phelan Hallinan, PLC*, 57 F. Supp. 3d 1381, 1387 (S.D. Fla. 2014) (quotations omitted).

72.    One way in which a debt collection letter can overshadow the notice of rights under § 1692g is by threatening further action or negative consequences within the 30-day period.

73.    While a debt collector may legally take action to collect the debt before the expiration of the 30-day period, a debt collection notice violates § 1692g where such threats would cause an unsophisticated consumer to overlook or ignore his or her rights.

14

74.    Where a collection letter makes no effort to explain that the consumer may take advantage of his or her rights under § 1692g, notwithstanding the threat of further action to collect the debt within the 30-day dispute period, the debt collector runs the risk of violating § 1692g(b).

75.    "Because the letter lacks any explanation of how the threats pressuring the consumer for immediate payment are consistent with the validation notice, the threats overshadow and contradict the notice, which therefore has not been effectively conveyed." *Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp. 2d 808, 819-20 (M.D.N.C. 2011).

76.    By stating that the consumer must pay the debt within 30 days from the date of the letter, as opposed to 30 days from the date the consumer receives the letter, Defendant impermissibly shortens the time period within which the consumer may act to dispute the debt.

77.    By requiring the consumer to act within the 30 day period from the date the consumer receives the letter, Defendant's letter impermissibly shortens the statutory time period and overshadows the notice required by 15 U.S.C. § 1692g(a). *See Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008); *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 519 (7th Cir. 1997).

78.    Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) during the thirty-day dispute period, including by demanding payment of the Debt within thirty days of the letter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(b) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

79.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 29, 2018

Respectfully Submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorney for Plaintiff